Weygandt, C. J.
The sole question here involved is whether Sam Schoenlaub as an individual is in- *500 eluded within the prohibition of the injunction granted by the trial court.
This, of course, is answered by the terms of the journal entry itself which reads in part as follows:
“It is, therefore, ordered, adjudged and decreed that the defendant, Harry R. Schoenlaub, individually, and that Harry R. Schoenlaub and Sam Schoenlaub as partners doing business as H. & S. Schoenlaub Mfg. Co. be and they are hereby enjoined from manufacturing directly or indirectly through others similar types of trucks, stapling devices, and packaging system now manufactured by plaintiff for a period of two years from March 3, 1950, to all of which the defendants except.’’
Clearly the decree expressly includes the partnership; it includes Harry as an individual; and it includes both Harry and Sam as partners. But does it impliedly include Sam as an individuals
It is important to observe that in the decree Harry is specifically enjoined “individually” but Sam is not. Sam is mentioned but once — as a partner, while Harry is named twice — as a partner and as an individual. This is a distinction that can not be disregarded.
Furthermore, the only mention of Sam is as a partner in the phrase “Harry R. Schoenlaub and Sam Schoenlaub as partners.” The plaintiff insists that the word “as” is unimportant and should not have been included in the language of the journal entry. A study of the record discloses that the word did not appear in the original draft of the entry but that it was inserted at the instance of counsel for the defendants and with the knowledge of counsel for the plaintiff. After this insertion, the entry was approved by the trial court and remains unmodified. Of course, a court of record speaks through its journal.
But in addition to the controlling language of the *501 decree, there seems to be no valid reason for enjoining Sam Schoenlaub as an individual as well as a partner. It is not claimed that he was a party to the employment contract between his brother Harry and the plaintiff. Hence, there was no privity between Sam and the plaintiff. Under these circumstances, had Sam started the manufacturing business alone, could he have been enjoined because he was competing with the plaintiff? Is this changed by the fact that Harry was associated with Sam in the former partnership? The plaintiff’s answer is in the affirmative but this is by reason of its claim that Harry disclosed to Sam certain of the plaintiff’s trade secrets. It is true that in the petition the plaintiff included two causes of action — one for disclosure of trade secrets and the second for breach of contract. However, the trial court’s decree was based solely on the breach of the contract to which Sam was not a party.
As observed by the trial court, to hold that Sam Schoenlaub, under these facts, is guilty of contempt of court would be to allow the plaintiff to accomplish by means of a citation that which it could achieve through no other action.
The lower courts were not in error, and the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Zimmerman, Stewart, Taet and Hart, JJ., concur.
Middleton and Matthias, JJ., dissent.